WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vincent Mena,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-13-01320-TUC-DTF<br><br>**ORDER** |

Vincent Mena, who is currently confined at the Federal Correctional Institution in Safford, AZ, has filed a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254. Pending before the Court is the Petition (Doc. 1) and Respondents' Answer to Petition (Doc. 18). The parties consented to exercise of jurisdiction by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c)(1). (Doc. 14.) The Court finds that the Petition should be dismissed on the ground that it is time-barred.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 31, 1992, Mena was convicted of burglary in the second degree, kidnapping, armed robbery, and two counts of sexual assault. He was sentenced to 46 years of incarceration on January 21, 1993. (Doc. 18, Exs. B, C.) Petitioner filed a Petition for Post-conviction Relief (PCR) on August 2, 1993, but subsequently filed a motion to withdraw it because he was in the process of filing a direct appeal. (*Id.*, Exs. I, J at 1.) On direct appeal, the Arizona Court of Appeals affirmed both his convictions and

sentences on November 29, 1994. (*Id.*, Ex. L at 2.) Petitioner did not file a motion for reconsideration or a petition for review of his direct appeal, and the court of appeals issued a mandate on January 12, 1995. (*Id.*, Ex. M at 1.)

On May 12, 2011, Petitioner filed a Notice of PCR, which was denied on the merits on January 24, 2012. (*Id.*, Exs. N at 1, Q at 2.) He filed a petition for review with the Arizona Court of Appeals, which granted review but adopted the PCR court's order and denied relief. (*Id.*, Exs. R, S at 3.) His subsequent petition for review with the Arizona Supreme Court was denied on December 12, 2012. (*Id.*, Exs. T, U.)

On October 10, 2013, Mena filed his Petition for Writ of Habeas Corpus in this Court alleging a Due Process sentencing violation based on *Blakely v. Washington*, 542 U.S. 296 (2004). (Doc. 1 at 6.)

## **DISCUSSION**

Respondents argue that Petitioner's claim is time-barred because the Petition violates the statute of limitations.

**Statute of Limitations and Statutory Tolling**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-year statute of limitations period. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation n of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

In applying (d)(1)(A), the Court must assess when direct review of Mena's convictions became final. The Arizona Court of Appeals confirmed his conviction on November 29, 1994, and his judgment became final thirty days later, Ariz. R. Crim. P. 31.19(a), after his time to seek review in the Arizona Supreme Court expired on December 29, 1994. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) (assessing § 2244 finality in light of the Arizona rules), *cert. denied*, 555 U.S. 829 (2008); *Wixom v. Washington*, 264 F.3d 894, 898 (9th Cir. 2001).

Because Petitioner's convictions were final prior to ratification of the AEDPA, the statute of limitations did not begin to run until the day after that statute was enacted, April 25, 1996. *See Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, Petitioner had until April 24, 1997, in which to file his Petition. *See id.* Petitioner did not file his Petition in this Court until October 10, 2013; therefore, it was untimely under § 2244(d)(1)(A).

Petitioner contends his PCR petition was timely under state rules and, therefore, the federal limitations period was statutorily tolled.[1] *See* 28 U.S.C. § 2244(d)(2) (excepting from federal limitations period the time during which a proper state PCR

---

[1] Petitioner argues that because his case arose before the enactment of the 1992 P.C.R. Amendments, which imposed time limits on the filing of a petition for PCR, they do not apply to his case. However, on September 24, 1992, the Arizona Supreme Court entered an order stating that the 1992 amendments were "applicable to all post-conviction relief petitions filed on and after September 30, 1992, except that the time limits of 90 and 30 days imposed by [the amendments] shall be inapplicable to a defendant sentenced prior to September 30, 1992, who is filing his first petition for post-conviction relief." Supreme Court Order, 171 Ariz. XLIV (1992). Mena was sentenced on January 21, 1993, ergo the time limits imposed by the amendments still apply to his case. *See Moreno v. Gonzalez*, 192 Ariz. 131, 135, 962 P.2d 205, 209 (1998) (reiterating that the amendments do not apply to convicts *sentenced* before September 30, 1992, not convicts whose cases arose before that date).

proceeding is pending). His argument fails because a timely state petition filed after the expiration of the federal limitations period does not reinitiate the federal time period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that petitioners seeking federal relief must comply with the federal rules as it would be unfair for prisoners in various states to be subject to different federal limitations periods). Thus, Petitioner's 2011 PCR proceeding had no impact on the 1997 expiration of the federal statute of limitations.

Because the Petition is based on *Blakely*, decided by the Supreme Court eleven years after Petitioner's case became final, the Court also examines the limitations period under § 2244(d)(1)(C). Petitioner argues that, under *Blakely*, his sentence was unconstitutional.[2] However, subsection (C) only applies if the constitutional right created in *Blakely* was "made retroactively applicable to cases on collateral review." The Ninth Circuit has held that *Blakely* is not retroactive. *Schardt v. Payne*, 414 F.3d 1025, 1027 (9th Cir. 2005). Therefore, subsection (C) does not extend the limitations period. Further, Petitioner did not file his Petition within one year of the *Blakely* decision.[3]

Petitioner raises no argument for equitable tolling and the Court can find no obvious basis for the untimeliness of this filing, years after the expiration of the limitations period. The Petition is statutorily time-barred.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability (COA) at the time it issues a final order adverse to the applicant. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This

---

[2] *Blakely* held that it violated the Sixth Amendment for a judge to enhance a sentence based on his own findings of fact, independent of those decided by a jury or admitted by the defendant. *Blakely*, 542 U.S. at 305.

[3] Petitioner admits that it was not until "[l]ong after *Blakely* was decided" that he became aware of a possible claim; and even then he does not offer any explanation for the lengthy delay. (Doc. 1 at 6.)

showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the court's procedural ruling was correct. *Id.* The Court finds that reasonable jurists would not find this Court's procedural ruling debatable. Therefore, a COA will not issue.

Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court should enter judgment and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability.

Dated this 10th day of July, 2014.

D. Thomas Ferraro
United States Magistrate Judge